## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Michelle Taylor et al.,**

        **Plaintiffs,**

v.                                          **Case No. 11-2178-JWL**

**RED Development, LLC d/b/a**
**The Legends at Village West et al.,**

        **Defendants.**

### <u>MEMORANDUM & ORDER</u>

Plaintiffs, four family members who are African-American, filed this lawsuit alleging that, on the basis of their race and in violation of their constitutional rights, they were unlawfully detained for allegedly shoplifting during an April 1, 2009 visit to a retail shopping center in Kansas City, Kansas. Plaintiffs assert claims pursuant to 42 U.S.C. §§ 1981 and 1983 as well as a state law claim of false arrest/imprisonment against various defendants, including the retail shopping center; a company that provides security services at the shopping center; two security officers; the Unified Government of Wyandotte County/ Kansas City, Kansas; and two police officers. This matter is presently before the court on the Unified Government's motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) (doc. 7). As will be explained, the motion to dismiss is denied.

In Count 2 of their complaint, plaintiffs assert a section 1983 claim against the Unified Government based on the acts of two police officers employed by the Unified Government. To prevail on a section 1983 claim against a municipality, a plaintiff must show both the

existence of a municipal policy or custom and a direct casual link between the policy or custom and the injury alleged. *See Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).  A municipal policy or custom may take the form of (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions–and the basis for them–of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused. *Id.* (quotations and alterations omitted).  In support of their claim that the Unified Government is liable for the acts of its police officers, plaintiffs allege in their complaint that the police department of the Unified Government has

> adopted or approved of policies and practices which directed, encouraged or permitted its police officers to target African American customers at shopping centers and business establishments within the boundaries of UG, stop and detain African American customers, without probable cause, or any legitimate cause at all, in violation of their rights under the Fourth Amendment of the United States [Constitution] and interrogate them as to whether they committed shoplifting at the particular business establishment.  UG adopted or approved of a policy and practice of stopping, detaining, interrogating and arresting African American customers solely upon the report and representation of a merchant that an African American customer committed shop lifting at the merchant establishment without any independent investigation, interview of witnesses or investigation of any kind by the

dispatched police officer to ascertain the basis and truth of the merchant's accusation.

Plaintiffs also allege that the Unified Government and officials of the police department "recklessly failed to adequately supervise, train, and discipline UG's police officers in such a manner and to such a degree to prevent their officers from stopping and detaining African American citizens without probable cause in violation of their constitutional rights."

The Unified Government moves to dismiss plaintiffs' section 1983 claim on the grounds that claim fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as articulated by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ___ U.S.___, 129 S. Ct. 1937 (2009). Specifically, the Unified Government contends that plaintiffs' allegations of municipal liability amount to no more than a "formulaic recitation of the elements" without any factual allegations sufficient to give rise to an inference that the officers at the scene were following a policy or custom of detaining African American shoppers without probable cause. The Unified Government further contends that plaintiffs' complaint contains no support for the assertion that the Unified Government recklessly failed to adequately supervise, train and discipline its officers. In essence, the Unified Government urges that the complaint must be dismissed because it focuses solely on the April 1, 2009 incident without factual allegations showing a pattern of similar constitutional violations sufficient to give rise to an inference that a municipal policy caused the alleged violations in this case.

In response, plaintiffs urge that the allegations in their complaint easily satisfy the requirements for pleading a claim of municipal liability under Rule 8(a)(2) as articulated by the Supreme Court in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993). In *Leatherman*, the Supreme Court rejected a heightened pleading standard for section 1983 claims against municipalities and reaffirmed that "all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 168 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Leatherman*, however, pre-dates *Iqbal* and *Twombly*–the cases relied upon by the Unified Government in support of its motion. As explained by the Supreme Court in these cases, the Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Under *Iqbal*, the key issue in analyzing a motion to dismiss is whether the well-pleaded allegations of the complaint "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. Dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Weise v. Casper*, 593 F.3d 1163, 1166 (10th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

claim has facial plausibility when the plaintiff pleads factual content, as opposed to legal conclusions, that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949.

Although no Circuit Court of Appeals has squarely addressed the appropriate pleading standard for municipal liability in the wake of *Iqbal* and *Twombly*, many district courts have done so with varying results.  As recently summarized by Judge Ellison of the Southern District of Texas, some courts have continued to allow "generic or boilerplate assertions" of the grounds for municipal liability pursuant to *Leatherman* while "[o]ther courts have treated *Twombly* and *Iqbal* as dramatically altering the pleading requirements for municipal liability claims" such that bare allegations are no longer sufficient.  *Thomas v. City of Galveston, Texas*, ___ F. Supp. 2d ___, 2011 WL 3290317, at *13 (S.D. Tex. Aug. 1, 2011) (collecting cases).  In *City of Galveston*, the district court persuasively concluded that "*Leatherman* and *Iqbal* may be reconciled, without allowing boilerplate allegations, on the one hand, or requiring plaintiffs to plead specific factual details to which they do not have access before discovery, on the other."  *Id*. at *14.  As reasoned by the court in that case:

> *Iqbal* instructed that "[d]etermining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 129 S. Ct. at 1950.  In the context of municipal liability, as opposed to individual officer liability, it is exceedingly rare that a plaintiff will have access to (or personal knowledge of) specific details regarding the existence or absence of internal policies or training procedures prior to discovery.  Accordingly, only minimal factual allegations should be required at the motion to dismiss stage.  Moreover, those allegations need not specifically state what the policy is, as the plaintiff will generally not have access to it, but may be more general. . . .

5

Still, a plaintiff suing a municipality must provide fair notice to the defendant, and this requires more than generically restating the elements of municipal liability. Allegations that provide such notice could include, but are not limited to, past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy. Those types of details, or any other minimal elaboration a plaintiff can provide, help to "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests," *Twombly*, 550 U.S. at 555 n.3, and also to "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950.

This balance, requiring more than boilerplate allegations but not demanding specific facts that prove the existence of a policy, is in line with the approach of other courts post-*Iqbal*. Where a plaintiff provides more than a boilerplate recitation of the grounds for municipal liability, and instead makes some additional allegation to put the municipality on fair notice of the grounds for which it is being sued, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman*, 507 U.S. at 168–69.

*Id*. at \*14-15 (footnotes omitted).

Applying the well-reasoned approach adopted by the court in *City of Galveston*, the court concludes that plaintiffs' allegations in this case satisfy the pleading requirements for municipal liability under *Leatherman* as refined by *Iqbal*. Significantly, plaintiffs here have done more than simply allege that the individual officers' conduct conformed to official policy or practice; rather, they have identified a specific practice to which the officers' conduct allegedly conformed–namely, the purposeful targeting and detention of African-American shoppers despite the absence of probable cause to believe that such shoppers engaged in shoplifting activities. While it is true that plaintiffs do not include in their complaint additional instances of officers targeting African-American shoppers without

6

probable cause, that omission is not fatal under *Iqbal* because it is unlikely that plaintiffs would have access to such information at the pleading stage. *See Williams v. City of New York*, 690 F. Supp. 2d 338, 344 (S.D.N.Y. 2010) (it is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage); *Mitchell v. Township of Pemberton*, 2010 WL 2540466, at *6 (D.N.J. June 17, 2010) ("[I]nformation concerning a town's customs or policies, the policymakers' motivations behind such policies, or the facts surrounding police department customs, are typically unavailable to an outsider, so that pleading facts to sufficiently advance a racial profiling claim may be impossible without some assistance through litigation tools such as request for admissions, interrogatories, document requests, and depositions."); *Wilson v. City of Chicago*, 2009 WL 3242300, at *3 (N.D. Ill. Oct. 7, 2009) ("It is not reasonable to expect a plaintiff to have information about other incidents at the pleading stage; instead, a plaintiff should be given the opportunity to develop an evidentiary record to determine whether he can provide support for his claims.").

In sum, the court concludes that the allegations in plaintiffs' complaint concerning municipal liability provide fair notice to the Unified Government of the nature of the claim and the grounds on which the claim rests. The allegations also plausibly give rise to an entitlement to relief. No more is required under *Iqbal* and *Twombly*. The Unified Government's motion to dismiss is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Unified Government's motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) (doc. 7) is denied.

**IT IS SO ORDERED** this 31st day of August, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

8